# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6449 | **DATE** | October 11, 2011 |
| **CASE TITLE** | James Jackson (#2009-1202222) vs. Henry | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is denied. The complaint is dismissed without prejudice to Plaintiff pursuing a state or other action. Plaintiff's motion to stay this case pending the resolution of his state criminal case [5] is denied. Any other pending motion is also denied. The case in this court is terminated.

■[ For further details see text below.]                                                     Docketing to mail notices.

---

## STATEMENT

Plaintiff James Jackson, Cook County Jail inmate #2009-1202222, filed this civil rights action naming as defendants an Assistant Cook County Public Defender, an Assistant State's Attorney, and Cook County Circuit Court Judge Michelle Simmons. Plaintiff alleges that, following his arrest sometime around December 2010, he was denied the opportunity to be released on bond so that he could take care of his seriously ill mother. Plaintiff further asserts that Judge Simmons was prejudiced when she refused bond for Plaintiff, who was charged with possessing a minuscule amount of cocaine, but allowed bond for another person who was charged with the same or greater offense. Plaintiff states that, as a result of his incarceration, his mother was forced to fend for herself, which she was too weak to do. Plaintiff's mother passed away in January 2011.

Although Plaintiff's situation, if true, is unfortunate, his complaint fails to assert a claim that supports a civil rights action in this court. Under 28 U.S.C. § 1915A, this court is required to conduct a preliminary review of a complaint and dismiss it, if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true and liberally construing his *pro se* complaint, the complaint seeks damages against parties who are immune from suit and does not present a cognizable federal claim to support a § 1983 action in this court.

In order to bring a federal civil rights claim, Plaintiff must establish that a person acting under the color of state law violated Plaintiff's constitutional rights. Defense attorneys, even public defenders, are not considered "state actors" under § 1983, and cannot be sued for damages. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). To the extent that Plaintiff asserts legal malpractice against his former attorney, such a claim is not a federal one and must be raised in state court. With respect to the Assistant State's Attorney and state court judge, both prosecutors and judges have absolute immunity from civil suits. *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995) (prosecutors enjoy absolute immunity for their "initiation and the pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is 'intimately associated' with the judicial process"); (*citing Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). (judges have absolute immunity from civil suits that challenge their actions taken in their judicial roles.) Plaintiff's claims against both the prosecutor and judge clearly involve actions associated with their respective roles of prosecuting and adjudicating Plaintiff's criminal case. Accordingly, Plaintiff's complaint both fails to present a federal claim and sues parties who are immune from suit. The complaint is therefore dismissed. 28 U.S.C. § 1915A.

## STATEMENT

Plaintiff's *in forma pauperis* ("IFP") application is incomplete as it does not contain a copy of his jail trust fund account statement in accordance with 28 U.S.C. § 1915(a)(2) (inmates and detainees seeking to file a suit IFP, must submit an application and include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint"). Although this court usually allows a plaintiff to cure defects in his IFP application, in this case, where it is clear that Plaintiff's claims cannot proceed in this court, allowing him to submit a completed application would prolong this case and thus run counter to one of the purposes of the Prison Litigation Reform Act, which seeks to reduce prisoner litigation. *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006) ("The PLRA's purpose is to reduce the quantity and improve the quality of prison suits"); *see also Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 906 (N.D. Ill. 2009) ("Congress passed the PLRA as part of an 'effort to address the large number of prisoner complaints filed in federal court' . . .The purpose behind the legislation was to reduce the number of suits brought by prisoners by separating meritorious claims from frivolous ones."), citing *Jones v. Bock*, 549 U.S. 199, 202 & 204 (2007).

Accordingly, Plaintiff's complaint is dismissed and his IFP application is denied. The dismissal of this complaint in no way comments on the merits of Plaintiff's claims, and he may file a state or other action, if such an action is available. He may not, however, proceed with his case in this court.